FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2011 MAY 25 AM 11: 39

[signature]
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANK LEBITO LIZAMA,

    Plaintiff,

vs.

UNITED STATES OF AMERICA; D. RAY
JAMES INSTITUTION; WARDEN, D. Ray
James Correctional Facility; HSA
ADMINISTRATOR JOHN; and
NURSE SUPERVISOR FRIDAY,

    Defendants.

CIVIL ACTION NO.: CV511-037

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed an action pursuant to 28 U.S.C. § 1331, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

---

[1] Plaintiff's complaint was filed on a 42 U.S.C. § 1983 form. (See Doc. No 1).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff states Defendants John and Friday are not obeying court orders presumably related to his medical condition. Plaintiff states Defendants are not administering his HIV medication properly, or, alternatively, refusing to give him his medication.

In Correctional Services Corporation v. Malesko, 534 U.S. 61, (2001), the Supreme Court held that a Bivens action was not the appropriate remedy against a

private entity operating a halfway house under contract with the Bureau of Prisons. In Malesko the Plaintiff sued after suffering a heart attack while climbing stairs at the halfway house. The Supreme Court held that the Plaintiff could not maintain a Bivens action against the correctional company because the goal of Bivens is to deter "individual federal officers committing constitutional violations." Id. at 70.

In Alba v. Montford, 517 F.3d 1249 (2008), the 11th Circuit, following Malesko, declined to extend Bivens to cover claims for inadequate medical care against Corrections Corporation of America and its employees. In Alba, the Plaintiff, a prisoner at a private facility owned and operated by Corrections Corporation of America under contract with the Bureau of Prisons, underwent surgery for a benign goiter in his throat while in their custody. The Plaintiff alleged that the surgery damaged his vocal cords and that he received inadequate post-operative care. The Plaintiff sued employees of the facility, alleging that they acted with deliberate indifference to his medical needs. Id. at 1251. The Eleventh Circuit affirmed the dismissal of Plaintiffs claim. The court noted that the Supreme Court had only twice extended Bivens, and declined to do so in Malesko. Id. at 1253.

The D. Ray James Detention Facility is a private entity that operates under a contract with the United States Government. The employees of the D. Ray James Detention Center are employees of the Cornell Companies, Inc., a private entity. Plaintiff can pursue remedies against these Defendants under Georgia tort law. A Bivens claim cannot lie against employees of a private corrections company when there are adequate state remedies and, therefore, the Plaintiff's claims are not cognizable.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE